[Sac. No. 39.   Department Two.—June 4, 1896.]

SILVER CREEK AND PANOCHE LAND AND WATER COMPANY ET AL., APPELLANTS, *v.* W. J. HAYES ET AL., RESPONDENTS.

WATER RIGHTS — APPROPRIATION — ACTION FOR DIVERSION—CROSS-COM-PLAINT OF RIPARIAN CLAIMANT—INSUFFICIENT PLEADING.—In an action by an appropriator of a water right to enjoin diversion of the water, a cross-complaint by the defendant, claiming riparian rights in the water diverted, but which nowhere shows by statement of facts that defendant owns or holds by right any lands which are riparian to the creek from which the plaintiffs' appropriation was made, but which merely avers that he owns three lots, and has possession and control of three other lots, without averring that he possesses or controls them by right, and states that the creek flows "through the natural channel thereof, over and across the land of defendant, as aforesaid," without stating that it flows across the lots owned by him, does not state a cause of action or ground of cross-complaint, and a demurrer thereto should be sustained.

ID.—PRESUMPTION AGAINST PLEADER—POSSESSION OF RIPARIAN LANDS WITHOUT RIGHT.—It must be presumed against the pleader that he has made an allegation as strong as he could make it; and where he

avers mere possession and control of certain lots, without averring or stating facts showing that he has possession of them by right, and avers that the creek in dispute flows over his lands, without averring that it flows over lands owned by him, it must be presumed that he has taken possession of such lots without right, and that the water only flows over those lots in which he has no right.

Id.—Trespasser Without Riparian Rights.—Though a trespasser on public lands is for some purposes deemed the owner, yet when one asserts riparian rights as against an upper appropriator of water, he must show some right, inchoate or otherwise, to the land.

Id.—Diversion of Water Through Ditch of Plaintiff — Riparian Rights—Improper Subject of Cross-complaint.—Where the injury complained of is direct interference by the defendant with the ditch of the plaintiff, so as to divert the water from such ditch at a point where it passed over or near the lands of the defendant, no riparian rights of the defendant in the creek from which the water was appropriated would justify such interference with plaintiffs' ditch, and the assertion of such riparian rights does not arise out of the transaction set out in the complaint, nor is it connected with the subject of the action, and it is not a proper subject of cross-complaint.

Appeal from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

*Frank H. Short,* and *A. M. Drew,* for Appellants.

The action being for a diversion from the ditch on the line of the same, the riparian rights of defendant were not involved, and the demurrer to the cross-complaint should have been sustained. (*Bulwer etc. Co.* v. *Standard etc. Co.,* 83 Cal. 589; *Harrison* v. *McCormick,* 69 Cal. 619; *Demartin* v. *Albert,* 68 Cal. 278; *Jeffreys* v. *Hancock,* 57 Cal. 646; *Yorba* v. *Ward,* 109 Cal. 109.) The cross-complaint must be construed against the pleader, and it does not show any riparian rights. Mere occupation, even if riparian, gives no rights. (*Alta etc. Co.* v. *Hancock,* 85 Cal. 219; 20 Am. St. Rep. 217; *Smith* v. *Logan,* 18 Nev. 149.)

*W. P. Thompson,* and *Thompson & Pierce,* for Respondents.

The cross-complaint was sufficient. (Code Civ. Proc., secs. 438, 442; *Harrison* v. *McCormick,* 69 Cal. 616; *Van Bibber* v. *Hilton,* 84 Cal. 585.)

TEMPLE, J.—Plaintiffs, in their complaint, aver that the corporate plaintiffs own a certain canal or ditch, of which the individual plaintiffs are in possession as lessees, and that without permission of plaintiffs, or any of them, defendant wrongfully entered upon the same, and without right took water therefrom, and injured the banks thereof, and threaten to continue to enter upon it and to take water therefrom, and will so enter and divert and use water therefrom, and injure and destroy the embankments and head-gates thereof.

And particularly on a day named he did enter in and upon the canal, and, with intent to injure and break said canal, raised the head-gates nearest defendant's residence, intending that the waters should injure and destroy the canal.

They further aver that defendant will, unless restrained, enter upon the canal, and without right, and divert water therefrom, and injure and destroy, tear down, remove the embankments and head-gates thereof. They ask that defendant be enjoined from these acts, and for damages.

The defendant answered, and also filed a cross-complaint. Plaintiffs demurred to the cross-complaint for want of sufficient facts, and on the trial objected to evidence in support of the claim of defendant asserted in the cross-complaint on the same ground. The demurrer and the objections were overruled, and the court gave judgment to plaintiffs for all of the relief demanded by them, and then awarded to defendant all the relief asked by him. From the judgment in favor of defendant, and from an order refusing plaintiffs a new trial as to the issues tendered by the cross-complaint, plaintiffs take this appeal.

By the demurrer the point is made that the cross-complaint does not state a cause of action at all, and that it does not state facts sufficient to constitute a cause of action for a cross-complaint in this action.

Both points are well taken. The cross-complaint nowhere shows by statement of facts that defendant owns

or holds by right any lands which are riparian to Pan-
oche creek. He avers that he owns three lots in sec-
tion 16, and has possession and control of three other
lots, and that said creek flows "through the natural
channel thereof over and across the lands of defendant
as aforesaid." This would be true, though the creek
only flows over the three lots of which he is possessed,
and which he controls but does not own. He does not
aver that he possesses or controls by right, and the pre-
sumption is that this allegation is as strong as he could
make it. The presumption, therefore, is that he has
taken possession of the other three lots without right,
and that the water only flows over these lots in which
he has no right. A trespasser on public lands is for
some purposes deemed the owner, but when one asserts
riparian rights as against an upper appropriator of
water he must show some right, inchoate or otherwise,
to the land.

In another paragraph of the cross-complaint it is
averred that defendant has a large amount of land which
it is necessary to irrigate, and the only waters available
for that purpose are the waters of Panoche creek. It is
not intimated in any way that this large tract of land is
part of the lots described, or that it is riparian to
Panoche creek. In short, in the cross-complaint the
defendant does not show any right to the waters of
Panoche creek. But if the cross-complaint can be held
to state a cause of action which might be the basis of
an independent suit, it does not state a cause of action
which is the proper subject of a cross-complaint in this
case.

The relief sought in the cross-complaint does not de-
feat, overcome, or affect plaintiff's cause of action or
lessen or modify the relief to which plaintiffs are en-
titled. If this proposition can be tested by the result,
it is fully shown by the fact that plaintiffs and defend-
ant were each awarded all the relief they sought.

Nor does the cause of action set up arise out of the
transaction set out in the complaint, nor is it connected

with the subject of the action. The transaction is the alleged trespass of the defendant, and, if the phrase "subject of the action" refers to the rights involved, only the claim of plaintiffs to their ditch was involved. No right to water is asserted, nor was it necessary for plaintiffs in order to make a case to show any. The court so held in giving them the relief demanded, while finding that they had no right to water in the creek. The trespass charged did not consist in destroying or injuring the dam or other means by which the water was diverted from the creek, nor in diverting the water in the creek to other uses, but was an injury to the embankments of the ditch and a taking of the water from the ditch itself. Had the alleged trespass consisted in an attempt to prevent the flow into the ditch from the stream, possibly the assertion of a right to have the water flow would be considered, but no such defense could be made here. The cause of action set up by plaintiffs and the rights asserted by defendant have no reference to each other. True, there was water in the ditch, and the evidence shows that it came from Panoche creek. But the fact that defendant had a superior right to the water flowing in the creek would not justify him in destroying the ditch, or in taking what water he needed from the ditch at points where it passed over or near his land.

The court is directed to modify the judgment by striking out the judgment in the cross-complaint in favor of the defendant, and also by awarding to plaintiffs their costs.

McFARLAND, J., and HENSHAW, J., concurred.