[S. F. No. 1015. Department One.—June 14, 1899.]

THEODORE FOX, Appellant, v. JOHN W. MACKAY et al.,
Respondents.

MINING CORPORATION—ACTION BY STOCKHOLDERS—FRAUDULENT MILLING
OF ORE—BREACH OF CONTRACT—INSUFFICIENT COMPLAINT.—In an
action by a stockholder of a mining corporation, for an account-
ing of ores claimed to have been fraudulently milled under a
contract with a milling company, which provided that the ores
"shall be worked in the usual and ordinary manner of working,
like ores, and returns therefrom shall not be less than seventy
per cent of the pulp assay," a complaint alleging that seven
hundred and thirty-four thousand tons of ore were milled under
the contract and that said ores were milled in a very super-
ficial and imperfect manner, and that less than seventy per cent
was returned by the milling company to the mining company for
more than forty-one thousand two hundred and seventy-five
tons of ore, without stating how much less, or that the percent-
age was of the pulp assay, or when such tons of ore were milled,
is not sufficient to support a judgment for the plaintiff.

ID.—CONSTRUCTION AGAINST PLEADER—RULE DE MINIMIS.—Under the
rule that pleadings are to be construed against the pleader, it
may be assumed that the allegation of "less than seventy per
cent" is satisfied by a shortage of the smallest fraction of one
per cent, and that the rule of *de minimis* would bar a recovery.

ID.—CONSTRUCTION OF CONTRACT—AVERAGE PERCENTAGE.—The contract
with the milling company for the yielding of "not less than sev-
enty per cent of the pulp assay" of the ores, rock, and earth
worked is not to be construed as requiring seventy per cent of
the pulp assay of each ton worked, but imports that upon a fair
and honest milling of the ore the milling company was bound to
return an average of at least seventy per cent of the pulp assay.
Where it appeared that for four specified months the return
to the mining company was less than seventy per cent of the
pulp assay, but that the average of seventy per cent for the en-
tire time was made up in the succeeding months, such average
percentage is within the stipulations of the contract.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. G. Sieberst, for Appellant.

W. E. F. Deal, and Edmund Tauszky, for Respondent.

GAROUTTE, J.—This action is brought by Fox, a dissatisfied stockholder of the Consolidated California & Virginia Mining Company (a mining corporation), in behalf of the corporation against the Comstock Mill & Mining Company, J. W. Mackay, J. P. Jones, and the Consolidated California & Virginia Mining Company. Mackay and Jones are the real defendants in interest.

By the complaint conspiracy and fraud are alleged against Mackey and Jones in the milling of the ores of the Consolidated California & Virginia Mining Company, and an accounting is asked. Under the contract entered into between the mining company, and the milling company and Jones, by which the ores were to be milled, it was provided: "Said ores, rock, and earth shall be worked in the usual and ordinary manner of working like ores, and returns therefrom shall not be less than seventy (70) per cent of the pulp assay."

This appeal is taken from the judgment rendered against plaintiff, and the sole question raised revolves around a single allegation of the complaint, taken in connection with certain denials and allegations of the answer relating to the same subject matter. Plaintiff alleges that seven hundred and thirty-four thousand tons of ore were milled under the said contract with Jones and the milling company. And, after alleging various other matters, declares: "And for the fraudulent purposes above stated said ores were milled and crushed by the said Comstock Mill & Mining Company in a very superficial and imperfect manner, so that an unusually small percentage of the precious metals was extracted therefrom and returned to the said Consolidated California & Virginia Mining Company, and plaintiff enumerates that less than seventy (70) per cent was returned by said milling company to the said Consolidated California & Virginia Mining Company for more than forty-one thousand two hundred and twenty-five tons of the ore of the said Consolidated California & Virginia Mining Company milled and reduced by the Comstock Mill & Mining Company.

It is now claimed that this allegation of the complaint is admitted, and that by reason of such admission a breach of the contract as to a return of seventy per cent of the pulp assay is shown, and that therefore judgment to that extent at least

should have gone for plaintiff. For various reasons there is no merit whatever in the point urged. Passing for a moment the sufficiency of the denials found in the answer bearing upon this allegation of the complaint, we are satisfied the allegation itself is not sufficient to support a judgment. First, there is no statement in the allegation that the "seventy per cent" has any reference whatever to the pulp assay. As far as the allegation indicates it may have been any other assay. Again, invoking the rule that the pleading should be construed against the pleader, we may assume that this shortage under seventy per cent was the smallest fraction of one per cent, and such being the case the rule of *de minimis* would bar a recovery. Again, by any construction of this covenant in the contract it may be fairly assumed that upon an honest and modern milling of the ore the milling company was bound to return an *average* of at least seventy per cent of the pulp assay. Whether this average was to be based upon the daily or monthly output milled, or based upon the output for the entire life of the contract, we are not concerned. For it is plain that the milling company was not bound to return at least seventy per cent of the pulp assay on each particular ton of ore milled. This is apparent, for no mode or means is provided under the contract by which such figures could be obtained. Indeed, the whole history of working and milling ore is opposed to any such construction of the contract. We find no allegation that these forty-one thousand tons of ore were milled in any particular day or month or year. The pleading does not contradict the conclusion that the milling of this particular ore was scattered along at regular or irregular intervals throughout the entire life of the contract.

If this allegation of the complaint is not strengthened by the allegations of the answer, we hold it insufficient; and the allegations of the answer upon careful consideration weaken, rather than strengthen, plaintiff's pleading. While we find a direct admission in the answer that for four certain months the return to the mining company was less than seventy per cent of the pulp assay, yet we find the further allegation "and that while the average for said months was less than seventy per cent, as above specified, yet the returns from all of the ore worked during said months were not less than seventy per cent of the pulp

assay; and that said average was made up in the succeeding months." It thus appears that while the monthly returns for these four months fell below seventy per cent of the pulp assay, yet thereafter additional returns came in from the ores milled during these months, which brought the percentage within the stipulations of the contract.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.