[Civ. No. 477. Third Appellate District.—August 15, 1908.]

## MATILDA MELVIN, Appellant, v. HERBERT G. MELVIN, Respondent.

ACTION TO ENFORCE TRUST—INSUFFICIENT COMPLAINT—TRUST NOT CREATED—DEED NOT DELIVERED.—A complaint in an action to enforce a trust which shows on its face that no trust was created, or title ever vested in the defendant, and that the deed under which defendant claims was only delivered to him as bailee of the plaintiff for safekeeping, and for no other purpose, and that it was understood that no title was vested thereby in the defendant, but that plaintiff should retain complete control and dominion over the deed, states no cause of action to enforce a trust by reason of defendant's improper record of the deed.

ID.—INTENTION TO MAKE DEED OPERATIVE ESSENTIAL TO DELIVERY.— It is not sufficient, to constitute delivery of a deed, that there should be a mere delivery of its possession, but such act must be accompanied by the intent that the deed shall become operative as such.

ID.—INSUFFICIENT COMPLAINT TO REMOVE CLOUD OR QUIET TITLE— PRESENT CAUSE OF ACTION NOT ALLEGED.—The action considered as really to remove a cloud on plaintiff's title, or to quiet her title against the adverse claim of the defendant, cannot be maintained under the complaint, which does not state facts sufficient to constitute any cause of action, since it only alleges title as of the date of the deed, and shows no title in plaintiff at the time of the commencement of the action.

ID.—PRESUMPTION AGAINST PLEADER.—The presumption in favor of a general demurrer is, that the pleader has stated his case as strongly as he can, and the demurrer was properly sustained on the ground that it must be presumed that at the time plaintiff brought the action she had no further interest in the property.

ID.—JUDGMENT UPON DEMURRER NOT A BAR TO SUBSEQUENT ACTION.— The final judgment rendered upon demurrer to the complaint is not a bar to a subsequent action for appropriate relief under proper averments, showing a cause of action.

APPEAL from a judgment of the Superior Court of Sacramento County. P. J. Shields, Judge.

The facts are stated in the opinion of the court.

S. Solon Holl, for Appellant.

White, Miller & McLaughlin, for Respondent.

BURNETT, J.—The action was brought to have it decreed that certain real property is held by defendant in trust for plaintiff and to compel the execution of a deed of conveyance of the same by the former to the latter. A demurrer to the complaint was sustained, and plaintiff declining to amend, a judgment of dismissal was entered, from which the appeal is taken.

It appears from the complaint that defendant is a stepson of plaintiff and for a long time has resided with her. The relations between them were friendly and confidential. The plaintiff has had little experience in business matters, and she confided implicitly in defendant and believed that in everything pertaining to her interest he would act in the utmost good faith toward her.

The complaint alleges furthermore "that on the 29th day of May, 1899, the plaintiff was the owner of all that real estate [describing it.] . . . That on the day last aforesaid, and long prior thereto and for a long time thereafter, she was advised and believed that a person could make and execute a deed of conveyance, conveying real estate, and that the conveyance could be retained in the possession or under the control of the grantor until his death, and if then put on record, a good title to the property described therein would vest in the grantee. That being moved thereto by the friendship she cherished for the defendant, and relying upon the confidence she had in him, and believing that he would treat her fairly, and intending ultimately to vest the title to said real estate in the defendant, should he survive her, and believing that she could thereby save the expense of proceedings in probate in the event of her death, she did, on the day last aforesaid, make and acknowledge a deed of conveyance which in form conveyed to the defendant the real estate hereinbefore described. That said deed of conveyance was made without any consideration whatever, except the friendship and goodwill she had for the defendant and her faith in his integrity, and her belief that he would treat her fairly in all her dealings with him. That upon its being acknowledged by the plaintiff, said deed of conveyance was given to and accepted by the defendant in trust and as a trustee for the plaintiff, and it was agreed and understood by said defendant that he should hold said deed of conveyance for said

plaintiff as her trustee and as her property, and that said trustee should keep said deed in some safe and secure place, and when called for by the said Matilda Melvin or by her order, said trustee should deliver the same to her; that if it was not withdrawn or its custody changed and said Matilda Melvin died before the said defendant, said deed of conveyance should be recorded, and on that date the title to said property should vest in the said Herbert G. Melvin. But until her death said deed of conveyance was to remain with said Herbert G. Melvin as her trustee for safekeeping, and for no other purpose.'' Then follow the allegations that on the fourteenth day of September, 1901, the deed was recorded without the request or consent of plaintiff, that in July, 1906, the defendant repudiated the trust and claimed to be the owner of the property, and that prior to July, 1906, plaintiff had no knowledge nor information that the defendant had repudiated or intended to repudiate the trust, or that he claimed to own the property free from any limitation.

The foregoing statement covers substantially all the averments of the complaint, and makes it clear that the property is not charged with any trust nor is the defendant a trustee in relation to the same. This is true, because there was no conveyance of the property to defendant. It cannot be said that defendant holds the property in trust when the allegations of the complaint show beyond peradventure that he does not hold it at all. It is expressly alleged that the deed was delivered to defendant as her trustee for safekeeping and for no other purpose. It appears, also, from other allegations that it was understood that no title vested in defendant, and that plaintiff should retain complete control and dominion over the deed. This is manifestly inconsistent with the contention of a transfer of the title from plaintiff to defendant. Certain phrases, indeed, are used indicating the purpose of the pleader to declare an express trust in real property, but such a trust vests the whole estate in the trustee subject only to the execution of the trust. (Code Civ. Proc., sec. 863.) But here, as we have seen, no estate was vested in the so-called trustee. If any trust was created it has relation simply to the deed of which the defendant was made the custodian or bailee, and the action is really to remove a cloud upon plaintiff's title created by defendant's conduct in recording the

deed in violation of his agreement, or it may be considered as a suit to quiet title against the adverse claim of defendant.

That the complaint shows that no title was transferred, as there was no delivery of the deed to defendant in contemplation of law, is set at rest by many authorities, among which we cite *Kenney* v. *Parks,* 125 Cal. 146, [57 Pac. 772], and the same case reported again in 137 Cal. 527, [70 Pac. 556]. In the former it is said: "Here the grantor reserved the right to recall his deed upon the happening of a certain event; when that event happened he had the right to reach out and take back the deed, and such reservation is fatal to a valid delivery. The all-controlling fact in this case, which defeats plaintiff's claim, is that when the deeds were made and delivered to the cashier of the bank the respective grantors did not absolutely part with all future dominion and control over them, but, upon the contrary, the actual intention and understanding of each grantor was that upon the death of the other the survivor should take back his own deed and that no title should vest under it."

In the latter opinion the well-established doctrine is announced that "To constitute delivery of a deed, it is not sufficient that there be a mere delivery of its possession, but this act must be accompanied with the intent that the deed shall become operative as such."

The foregoing discussion is probably unnecessary to a decision of the question before us, but we have made the suggestions in contemplation of possible litigation growing out of the transaction that may be instituted hereafter by plaintiff.

We deem it necessary to notice only one point raised by the demurrer, as that point seems fatal to the complaint and a justification of the ruling of the trial court.

It is, of course, elementary and fundamental that the complaint must state facts sufficient to constitute a present cause of action and to show that the plaintiff is entitled to relief as of the time the complaint is filed. In other words, allegations showing only that the cause of action existed some time in the past would be insufficient. The rule, according to all the authorities, is as stated in 16 Cyc. 233: "The bill must show plaintiff's right or title in or to the subject matter of the suit upon which he bases his claim for relief. The averment must be express and not left to inference from an exhibit, and must also show an interest existing at the time the suit is

brought. Such title must be stated with sufficient certainty to enable the court to see that plaintiff has such a right as warrants its interference.''

We look in vain for any averment in the complaint before us of a present interest in the property in controversy. There is nothing to show that plaintiff has had any title to the land since May 29, 1899. Indeed, it has been held often that the presumption is that the pleader has stated his case as strongly as he can. (*Silver Creek* v. *Hayes,* 113 Cal. 145, [45 Pac. 191] ; *Fox* v. *Mackay,* 125 Cal. 54, [57 Pac. 672] ; *Hildreth* v. *Montecito Creek W. Co.,* 139 Cal. 22, [72 Pac. 395].)

We have a right to infer, therefore, that subsequent to said date plaintiff parted with all of her title to said property, and at the time she brought the action she had no further interest in the same. She thus failed to state a cause of action, and the demurrer was properly sustained on that ground.

For further illustration of the principle involved we cite the following California decisions: *Hentsch* v. *Porter,* 10 Cal. 555; *Affierbach* v. *McGovern,* 79 Cal. 268, [21 Pac. 837] ; *Fredericks* v. *Tracy,* 98 Cal. 658, [33 Pac. 750] ; *Holly* v. *Heiskell,* 112 Cal. 174, [44 Pac. 466].

It is hardly necessary to add that this rule of pleading is not conclusive of plaintiff's right to allege in another appropriate action the fact, if it be such, that she is still the owner of the property, nor, as at present advised, if she has not parted with her interest, do we see any reason why she may not under proper averments maintain another action.

But the judgment upon the pleadings as presented was clearly right, and it is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.