## R. T. POPLIN, Respondent, v. MARVIN BROWN, Appellant.

### Springfield Court of Appeals, July 6, 1918.

1. **EVIDENCE: Deeds: Consideration: Parol Evidence.** Except as to defeating it as a conveyance or destroying its operative effect, the recited consideration of a deed or bill of sale may be shown to be different in amount, kind, or character.

2. **SALES: Bill of Sale: Delivery.** To make a bill of sale valid, delivery is essential.

3. ———: ———: ———. Delivery of a bill of sale involves intent as well as physical control, and there is no delivery, such as makes the instrument a present conveyance, unless the grantor so intended. For a bill of sale to pass title, the grantor must deliver it for that purpose, and not for some other purpose.

4. **EVIDENCE: Delivery: Parol Evidence.** Admission of parol evidence to show that, although manual possession of conveyance has been given to grantee, yet there is no legal delivery, so as to pass title, is not precluded by the general rule that delivery to grantee cannot operate as an escrow.

5. ———: Conditional Delivery: Parol Evidence. Parol evidence is admissible to show that consummation of a deed as a conveyance was to take effect or be conditioned on some future event, and that it was put in the grantee's possession for another purpose than as a present conveyance.

6. REPLEVIN: Conditions Precedent: Bill of Sale: Suit in Equity: "Muniment of Title." A bill of sale of personalty is not such a muniment of title as requires a suit in equity to have it declared void before the seller can recover the property on the ground that such bill of sale was never delivered.

7. EVIDENCE: Parol Evidence: Bill of Sale. Parol evidence is admissible, in a suit at law involving personal property, to show the purpose of giving a bill of sale and the real character of such conveyance, and whether a claimed transfer of personalty is void or voidable is generally determinable in an action at law, without resorting to equity, and the fact that the transfer is evidenced by a bill of sale does not change the rule. In replevin for an automobile, plaintiff's title being based upon a bill of sale signed by defendant, it was competent for defendant to prove that the bill of sale, though given to plaintiff, was not given as a conveyance *in praesenti*, or as vesting title absolutely, but was conditional upon delivery of a deed and abstract.

8. PLEADING: Requisites in General. Stating the facts is all that is required in a pleading, and the law gives it the proper name and effect.

9. SALES: Title of Plaintiff: Evidence. In replevin for an automobile, plaintiff's title being based upon a bill of sale signed by defendant, the question of the actual or constructive delivery of the property covered by the bill of sale at the time of the manual delivery of bill of sale by defendant to plaintiff, while not vital, had a bearing on the issue whether delivery of bill of sale was conditional.

10. REPLEVIN: Title of Plaintiff: Evidence. Plaintiff could maintain replevin on the bill of sale as a symbolic delivery, provided the intent was to have the bill vest title at once unconditionally, or provided plaintiff had complied with the conditions necessary to vest title in him before suit was instituted.

11. EXCHANGE OF PROPERTY: Title: Examination of Abstract. Although, under contract for exchange of an automobile for realty, plaintiff was to furnish an abstract showing not only a good merchantable title, but one pronounced such by defendant's attorney, it must be carried out in good faith by both parties, and defendant could not select an attorney who arbitrarily called plaintiff's title defective, and the bill of sale, given in pursuance of a contract for exchange of automobile for land, would not be a "written memorandum" satisfying the Statute of Frauds.

Poplin v. Brown.

12. FRAUDS, STATUTE OF: Exchange of Property. A contract for the sale and exchange of an automobile for land is within the Statute of Frauds, so far as the same is executory, but if a bill of sale was delivered to plaintiff as a present conveyance, with actual or constructive possession, and he in turn conveyed the land to defendant, the contract was fully executed, and the Statute of Frauds would not apply.

13. ————: Written Memorandum: Undelivered Bill of Sale. A bill of sale, though manuel possession of same was given to the grantee, is not a sufficient written memorandum to satisfy the Statute of Frauds, where such bill of sale was not delivered as a conveyance but for a different purpose.

Appeal from Lawrence Circuit Court.—*Hon. Charles L. Henson*, Judge.

REVERSED AND REMANDED.

*I. V. McPherson* and *J. A. Potter* for appellant.

*E. J. & Carr McNatt* and *D. H. Kemp* for respondent.

STURGIS, P. J.—This is a suit in replevin for an automobile, the petition being in the usual form. Plaintiff bases his title and right to possession on a bill of sale signed by defendant whereby defendant "for the consideration of one dollar and other valuable considerations" to him paid, the receipt of which is hereby acknowledged, "does sell, assign, transfer, and set over and deliver" to plaintiff the automobile in question. The answer is a general denial and that the bill of sale was given in connection with a contemplated trade and exchange of the automobile for one hundred and twenty acres of land in Barry County, Missouri; that the bill of sale was delivered on condition only and was to be returned in case the trade was not completed; that the car was never delivered nor to be delivered except upon delivery by plaintiff of an abstract showing merchantable title to the land in plaintiff, which was to be examined and approved by defendant's counsel; that in the event the title was not approved by defendant's counsel the bill of sale was to be returned to defendant or destroyed; that the bill of

200 M. A.—17

sale was without consideration; that plaintiff failed to furnish a good and complete abstract of title showing merchantable title in plaintiff; that defendant submitted said abstract to his attorney and was advised by his attorney that said abstract was not complete and that it did not show a merchantable title to said land in plaintiff; that defendant thereupon returned said abstract and deed to plaintiff and demanded a return of the bill of sale; also that the terms and conditions of the said agreement to make said exchange were never performed and complied with by plaintiff and that, therefore, the plaintiff never was the owner of or entitled to the possession of the car in controversy; that the contract to exchange the said car for said land, being oral, was within the Statute of Frauds and was void. On plaintiff's motion the court struck out the above defenses except the general denial and the plea of the Statute of Frauds.

On the trial of the case the court ruled out all of the evidence offered as to the terms and conditions of the trade, what the consideration was, etc., but ruled that plaintiff might show whether the trade was completed; "whether the bill of sale was solely to hold the trade till completed or given in execution of the trade itself; whether the trade was completed at the time the bill of sale was delivered." Under this ruling the plaintiff's evidence was to the effect that the sale was consummated at the time the bill of sale was delivered to him; that the automobile was left at the garage in Aurora, Missouri, where defendant had been keeping it and when he returned in a few days it was at another garage undergoing repair; that being refused possession plaintiff brought this suit; that in the meantime he sent to defendant a deed to the land with an abstract of title as he had agreed. The defendant's evidence was to the effect that the trade was to be consummated only on condition that plaintiff furnished an abstract showing a good merchantable title to the land; that plaintiff failed to do this; that the automobile was never delivered to plaintiff; that defendant execu-

ted the bill of sale and gave it to plaintiff, not to pass the title to him, but at plaintiff's request to enable him to show it to another party with whom he was on a deal and that same was to be returned to defendant in case the title was not approved by defendant's attorney; that, the title not proving good, the deed and abstract were returned to plaintiff and the deal never consummated.

Later in the trial the court struck out all this evidence (designating it as evidence to show that the bill of sale was given merely to bind or as evidence of the trade and with no intention that the title to the property be passed) for the reason that it contradicts the terms of the bill of sale itself. The court thereupon held the bill of sale conclusive of plaintiff's title and that defendant was entitled to a directed verdict. The court indicated its views of the law to be: that section 1947, Revised Statutes 1909, does not permit oral evidence to be given to show a failure of consideration under the above facts; that oral evidence cannot be permitted to overthrow the inviolability or to defeat the operative words of conveyance; that the rule as to deeds also applies to bills of sale to the effect that the operative words of conveyance cannot be a subject of dispute. The court bases its ruling on Wishart v. Garhart, 105 Mo. App. 112, 115, 78 S. W. 1094, where it is held that, while the recited consideration in a deed may be explained or shown to be different in amount or kind, yet the deed cannot be defeated as a conveyance or its operative words destroyed by showing a failure of consideration.

It may be conceded that a deed, when it is a deed, cannot be avoided as a conveyance by evidence *aliunde* in the absence of fraud, mistake or the like. Plaintiff cites a number of cases sustaining his proposition. [Strong v. Whybark, 204 Mo. 341, 348, 102 S. W. 968; Weissenfels v. Cable, 208 Mo. 515, 534, 106 S. W. 1028; Edwards v. Latimer, 183 Mo. 610, 626, 82 S. W. 109.] It must be conceded, however, that, except as to defeating

it as a conveyance or destroying its operative effect, the recited consideration of a deed may be shown to be different in amount than that recited and also different in kind or character, that is, that the consideration was other property or land, and it may be shown that same has not been paid. [Edwards v. Latimer, supra.] "Where the consideration is a mere recital of an existing fact, it may be shown to be other than that recited. If the consideration is recited to have been paid, it may be shown that it was not. If it be recited to be one sum, it may be shown to be a different sum. And if it be recited to be money, it may be shown to be some article of property." [Davis v. Gann, 63 Mo. App. 425, 428.] It may be conceded also that a bill of sale has a like force in this respect as a deed, is a symbolic delivery of the property and vests title in the grantee. Speaking of the effect of a bill of sale of lumber the court in Collins v. Wayne Lumber Co., 128 Mo. 451, 466, 31 S. W. 24, said: "As between the vendor and vendee, no question of fraud being raised on the record, when this lumber was separately stacked, marked with Collins & Company's initials, and measured, and a formal unconditional bill of sale was executed and delivered to plaintiffs the title to the number passed, notwithstanding plaintiffs still owed a balance which was to be paid when they shipped the lumber out of Clearwater. No other delivery was necessary to complete the same."

The fundamental error of plaintiff's and of the trial court's position is that it assumes that there was a delivery of the bill of sale. To make the bill of sale valid as a conveyance delivery is essential just as it is with a deed. Delivery as an essential fact to the validity of a conveyance does not merely mean that the physical control or possession of the instrument is given over by the grantee or lost by the grantor. Delivery involves intent as well as physical control and there is no delivery such as makes the instrument a present conveyance unless the grantor so intended it. [Powell v. Banks, 146 Mo. 620, 632, 48 S. W. 664.] To make the writing pass

the title the grantor must deliver it for that purpose and as a conveyance and not for some other purpose. In McNear v. Williamson, 166 Mo. 358, 367, 66 S. W. 160, the court said: "Delivery of a deed is the consummation of the act, the completion of the contract, and in order to its accomplishment there must be a meeting of the minds of the parties on the purpose. 'In order to ascertain whether there has been a delivery of a deed or not, the intention of the parties in the entire transaction must be considered in connection with what they said and did.' [Miller v. Lullman, 81 Mo. l. c. 316.] The act must have been with the intent on the part of the grantor to divest himself of title, and it must have been accepted by the grantee with the intent to take the title as indicated in the deed. These two facts are essential to the complete delivery of the deed." And in Bunn v. Stuart, 183 Mo. 375, 384, 81 S. W. 1091, the court held that: "A deed may be deposited with the grantee or handed to him for any purpose other than as the deed of the grantor, or as an effective instrument between the parties, without becoming at all operative as a deed."

This is a quotation from a New York case and the same quotation is made part of the text of 1 Devlin on Real Estate, section 271, under the caption "Delivery for Inspection," where many cases are cited showing that the mere fact that the manuel possession of a deed or other conveyance is given by the grantor to the grantee is not conclusive that such conveyance has been "delivered" in the legal sense and that parol evidence is admissible to show that the conveyance, though, absolute on its face, was not delivered with the intention to pass the title but for some other purpose. 1 Devlin on Real Estate, section 295, states the law thus:

"It may be shown by parol evidence that a deed in the possession of the grantee was not delivered. The principle that parol evidence is not admissible to contradict a deed has no application to a case of this kind. There is a distinction to be drawn between a case where evidence is offered for the purpose of show-

ing that a deed was not to be delivered until the performance of some condition precedent, and a case where it was actually delivered with an agreement that the condition was to be performed.''

In Shute v. Shute, 64 S. E. 145, the Court said:

''The primary issue involved here is this: Did the plaintiff intend the deed in controversy to be delivered upon its signing, so as to convey the fee out of him and into the defendants?

At the outset the defendants object to, as incompetent, any parol testimony to prove the negative of that issue. The rule of evidence which rejects parol testimony which tends to vary a written instrument is as old as the law. The matter of difficulty lies always in the application of the rule. The testimony here does not tend to vary the words of the instrument. The act and fact of delivery is independent of the language of the instrument. Delivery consists of an act of the hand joined \with a purpose of the mind. It comes after the scrivener has done his work, and after the signing of the paper.''

Nor is the admission of parol evidence to show that although the manuel possession of the conveyance has been given over to the grantee, yet there was no legal delivery so as to pass title, precluded by the general rule that the delivery to the grantee cannot operate as an escrow. ''It is true, doubtless,'' says Devlin on Real Estate, section 314 A, ''that many cases may be found in which manuel custody of the deed has been entrusted to the grantee temporarily and in which parol evidence was admitted to show that no delivery was intended, but such cases do not affect the rule stated,'' (that delivery to the grantee cannot operate as an escrow). In Gaylord v. Gaylord (N. C.), 63 S. E. 1028, the court admitted parol evidence to show that a deed, the possession of which was given over by the grantor to the grantee, was not delivered with the intention to pass the title but with the understanding that same would be returned to the grantor

if called for. The court held that the question of delivery depends largely upon the intention of the parties at the time and is not conclusively established by the physical passing of the conveyance from the grantor to the grantee; that to constitute a delivery the manuel change of possession must be with he intention to pass the title and that the instrument be effective as a conveyance; that this doctrine is not affected by the rule that a deed cannot be delivered to the grantee by way of an escrow. In I Devlin on Real Estate, section 262, speaking of what constitutes a delivery, it is stated: "But there must be something more than a physical change of possession. The intent to deliver must also exist. . . . The two acts essential to delivery are first, the act must have been performed by the grantor with the intent to part with the title and secondly, the grantee must have accepted the delivery with intent to take the title:" And again a section 263: "While no particular form or ceremony is required, still the mere delivery of its possession will not suffice, as there must also be the intent that the deed shall operate as a conveyance passing title;" and section 263B: "As the question of delivery depends largely upon the intent of the parties, the manuel passing of the deed does not conclusively establish it;" and section 264: "The instrument has no legal existence as a deed and no person can acquire rights under it where it has passed into the grantee's hands without the grantor's intention to make it operative." In Black v. Sharkey (Cal.), 37 Pac. 939, the court held that though there is no allegation of fraud, accident, or mistake in the answer, parol evidence is admissible to show that the deed on which plaintiff relies, and which names him as grantee, was not in reality delivered, though it was handed to him by the grantor. If quoted from Washburn Real Property, p. 311, thus: "And even if the deed is deposited with the grantee, but for a purpose other than delivery, it would not take effect as a deed; nor can a title be derived from a deed which has not been delivered. While, therefore, it is not competent

to control a deed by parol evidence where it has taken effect by delivery, it is always competent by such evidence to show that the deed, though in the grantee's hands, has never been delivered." In Elliott v. Murray (Ill.), 80 N. E. 77, the court stated: "While a deed cannot be delivered to the grantee in escrow, numerous cases have been decided by this court where deeds have been held not to have been delivered so as to pass title, although the possession of the deed passed from the grantor to the grantee." [See, also, Rountree v. Smith (Ill.), 38 N. E. 680; Haviland v. Haviland (Ia.), 105 N. W. 354; Lee v. Richmond (Ia.), 57 N. W. 613; Wilson v. Wilson (Ill.), 49 Am. St. Rep. 176; Melvin v. Melvin (Cal.), 97 Pac. 696; Joslin v. Goddard (Mass.), 72 N. E. 948.]

From the nature and necessity of the case parol evidence is admissible to show that a deed or other conveyance, though put in the grantee's possession, was never delivered as such, and that its consummation as a conveyance, i. e., its delivery, was to take effect or be conditioned on some future event. This is not avoiding the conveyance or defeating its operative words but merely proving that what purports to be a conveyance is not really such for want of the essential element of delivery. The purported conveyance can have neither terms nor conditions to be varied or contradicted by parol where it has no validity for want of delivery as a conveyance. "Facts going to show that a writing never acquired original vitality as a contract are not considered as infringing the rule of evidence excluding verbal contradiction of writings." [Barrett v. Davis, 104 Mo. 549, 559, 16 S. W. 377; Broadwater v. Darne, 10 Mo. 277.]

The plaintiff on the reargument of this case contended that the principles above stated are available only in suits in equity and point out that the case of Bunn v. Stewart, 183 Mo. 375, 81 S. W. 1091, and other cases are suits in equity to set aside certain deeds as being invalid for want of delivery. The argument is that, in order to admit parol evidence, that a conveyance

absolute in form and placed in the hands of the grantee was not delivered as a present conveyance of title but for some other purposes. The plaintiff must bring suit in equity to have such conveyance declared void. Most of the cases on this subject deal with the conveyance of land and, since land can be conveyed only by written instruments and the legal title to land is determined by the written conveyances, where there is a deed absolute in form, and of record, or in the hands of the grantee as a muniment of title, a proceeding in equity is generally necessary and the one resorted to in order to destroy defendants apparent legal title. If, however, the desired result can be accomplished in an action of law, as in ejectment, for instance, as is the case of Black v. Sharkey, 37 Pac. 939, supra, the same rules as to admissibility of evidence are applicable. The present case involves a conveyance of personal property by an ordinary bill of sale and we do not think that in order to determine title to personal property the defendant must resort to equity in order to cancel and have declared void the bill of sale purporting to vest title in plaintiff. The bill of sale of personal property is not such a muniment of title in plaintiff as requires a suit in equity to have it declared void before defendant can recover such personal property in an action at law. The title and transfer of personal property is accomplished by sale and delivery and need not be evidenced by a bill of sale or other writing. [Kendall Shoe Co. v. Bain, 46 App. 581, 591; Garzweiler v. Morgner, 51 Mo. 47; Cunningham v. Ashbrook, 20 Mo. 554; Greer v. Lafayette Co. Bank, 128 Mo. 559, 30 S. W. 319.] Parol evidence is admissible in a suit at law involving personal property to show the purpose of giving a bill of sale thereof and the real character of such conveyance, King v. Greaves & Ruff, 51 Mo. App. 534. Whether a claimed transfer of personal property is void or voidable is generally determinable in an action at law without resorting to equity and the fact that such transfer is evidenced by a bill of sale does not change this rule. In Brewing

Co. v. Steckman, 180 Mo. App. 320, 326, 168 S. W. 226, the court stated:

"If defendant's claim is that the property was hers by gift, it may, or may not, have been such character of gift as would be fraudulent and void as to creditors, in *law* as well as in equity and could be tried as an ordinary action at law; and such is the accepted mode of trying such cases, notably in actions by attachment, replevin and other instances."

The validity and binding effect of the bill of sale no more necessitate a resort to a court of equity to remove same than would a written release of claim for damages and it is now the settled law of this State that the validity of such a release whether procured by fraud, false representation and promises, duress or mental incapacity may be inquired into in an action at law and tried by jury, and this is true independent of any statute. [Courtney v. Blackwell, 150 Mo. 278, 51 S. W. 668; Berry v. Railroad, 223 Mo. 358, 370, 122 S. W. 1043.]

It was therefore competent for plaintiff to prove that the bill of sale of this automobile, though given into the defendant's possession, was not so given as a conveyance *in praesenti* or as vesting the title absolutely and unconditionally in plaintiff; but that same was for exhibition to a third party and not to have such effect until and unless a valid deed to the Barry County land was delivered to defendant together with an abstract showing a merchantable title. This was an issue for the jury on which evidence direct and circumstantial was admissible. The evidence admitted and afterwards stricken out was competent on this issue, and most if not all that offered should have been admitted.

If it be necessary that the element of fraud be present in order to let in such oral evidence, then such element is presented by the pleading and evidence here. If plaintiff procured the possession of this bill of sale under the pretext that he wanted it "to show that there was a deal on," agreeing that he would merely hold it till the title was investigated and return or de-

stroy it if the title proved defective, and after so getting it demanded the automobile regardless of the title to the land, his procurement of the bill of sale was fraudulent. The facts stated in the answer and supported by the defendant's evidence spell fraud whether the pleader pronounced it that or not. Stating the facts is all that is required in- a pleading and the law gives it the proper name and effect. We are not saying that defendant's version of the matter is true but only that it cannot be disregarded.

The question of the actual or constructive delivery of the automobile to plaintiff at the time of the manuel delivery of the bill of sale is not vital but has a bearing on the above issue. Plaintiff could maintain replevin on the bill of sale as a symbolic delivery without actual delivery, provided of course the intent was to have the bill of sale vest title at once and unconditionally and provided plaintiff had complied with the conditions necessary to vest title in him before this suit was instituted. [Glass v. Blazer Bros., 91 Mo. App. 564; Erwin v. Arthur, 61 Mo. 386; Boutell v. Warne, 62 Mo. 350, 353.] Plaintiff, however, never took actual possession of the automobile. It remained in the garage where defendant had been keeping it till taken by him to another one for repair. The garage man was defendant's bailee and remained such unless agreed otherwise. This also was largely a matter of intent—not a secret one but one evidenced by and consistent with the physical facts. There is no evidence that the bailee was ever informed of any sale of the automobile, much less that at any time defendant instructed the bailee to turn the automobile over to plaintiff or hold it for him, as was true in the cases relied upon by plaintiff. [Clubb v. Scullin, 235 Mo. 585, 139 S. W. 420; Allgear v. Walsh, 24 Mo. App. 134.]

The defendant's evidence is to the effect that plaintiff was to furnish an abstract of title showing not only a good merchantable title but one pronounced such by his attorney. While such a contract, if so made, is valid it must be carried out in good faith both by the

defendant and the attorney selected to examine the title. It does not give defendant a right to select an attorney who arbitrarily and without just reason calls the title defective. We also call attention to what is said in St. Clair v. Hellweg, 173 Mo. App. 660, 159 S. W. 17, as to the duty of the examiner of the title to point out the objections to the title and afford a reasonable opportunity to have them corrected.

Defendant invokes the Statute of Frauds. That this contract for the sale and exchange of the automobile for the land, so far as same is executory, is within the Statute of Frauds is not questioned. [Beckmann v. Mepham, 97 Mo. App. 161, 70 S. W. 1094; Sursa v. Cash, 171 Mo. App. 396, 156 S. W. 779] If plaintiff's theory, however, is correct that the bill of sale was delivered to him as a present conveyance with actual or constructive possession of the automobile and that he in turn conveyed the land to plaintiff and that was all there was to do, then the contract was fully executed by both parties and the Statute of Frauds has nothing to do with the case. [20. Cyc. 302; Rich v. Donovan, 81 Mo. App. 184; Maupin v. Railroad, 171 Mo. 187, 199, 71 S. W. 334; Taylor v. Penquite, 35 Mo. App. 389, 400.] We do not know just what phase of this question may arise on another trial. It would seem, however, that unless the bill of sale was made and delivered as a present conveyance of the automobile, as distinguished from an instrument given him to exhibit to a third party to show that a deal was in progress, then the contract to sell the automobile or exchange it for land is void under the Statute of Fraud for want of a written memorandum thereof, signed by the party to be charged. The bill of sale under such circumstances does not serve such purpose because not executed and delivered as such. [1 Devlin on Real Estate, section 273; Cash v. Clark, 61 Mo. App. 636.] Nor does such bill of sale contain all the essential terms of the contract.

The result is that the case is reversed and remanded. *Farrington* and *Bradley, JJ.*, concur.