JOHN HALL, Appellant, v. PHILIP HUFFMAN, Respondent.

*Evidence.*—In a suit by the landlord against his tenant for breach of covenant of the lease to cultivate the land in a husbandlike manner, evidence was properly admitted to prove that the lease was executed on a different day from that stated in the instrument.

### Appeal from Atchison Circuit Court.

This action was brought by Hall against Huffman to recover damages for the non-performance of covenants or agreements on the part of Huffman, contained in a lease of ground made by said Hall to Huffman.

The petition charges that Hall, on the 1st day of March,

1859, rented to Huffman, by a written agreement, seventy-five acres of land (which is described), for the term of one year from the 1st of March, 1859, for the yearly rent of one third of the corn, and one third of the oats, and one half of the wheat raised by Huffman on the premises, to be paid and delivered at Hall's crib in due time, which said rent Huffman agreed to pay, and also to cultivate said crop in a husband-like manner; that Huffman entered upon and cultivated said land, planting fifty acres thereof in corn; that Hall duly performed all of the conditions of said lease on his part, but that Huffman had failed on his part, in this: that he failed and refused to deliver to Hall one third part of the corn raised, and that he had failed to cultivate said corn in a husbandlike manner, so much so that said fifty acres of land planted in corn only produced twenty-five hundred bushels of corn and no more, when, if the same had been properly cultivated, it would have produced thirty-seven hundred and fifty bushels; that the part of the corn actually raised on said land, which was coming to Hall by said contract, or lease, was eight hundred and thirty-three bushels, which was worth twenty-five cents per bushel; wherefore he charges that he has been damaged, &c., and that he has also sustained a loss by reason of the improper cultivation of said corn; whereby he charges that he was damaged in the further sum, &c.

The defendant in his answer admitted the execution of the lease and renting of the land, but denied that the plaintiff had performed the agreement on his part, and, traversing the allegations of the petition, denied that he failed to cultivate the land in a good, husbandlike manner; denied that the said fifty acres of land planted in corn produced only twenty-five hundred bushels of corn, &c.

The cause was tried by a jury, and upon the trial the court, notwithstanding the objections thereto, permitted the defendant to prove by witnesses that the written lease or agreement sued on did not bear date on the day that it was written, but that it was written at a later date than it purported to have been on its face. The plaintiff excepted. The court

also permitted witnesses on the part of the defendant to prove that the ground rented was in bad condition at the time it was rented; and also that defendant did not move upon the rented premises until May, 1859, to all of which the plaintiff at the time objected. Evidence was given on each side tending to prove the amount of corn raised on the land cultivated in corn, and the quantity delivered to plaintiff; and also the manner in which the corn had been cultivated.

The plaintiff then moved the court to instruct the jury that the pleadings of the cause admit that defendant, on the fifty acres of corn ground of plaintiff, raised as much as twenty-five hundred bushels of corn, of which amount he was bound to deliver one third part thereof to plaintiff, which instruction was refused by the court, and the plaintiff excepted.

The court then gave the following instructions on the part of the plaintiff:

1. That it devolves on defendant to show that he has delivered the one third part of said corn so raised.

. 2. If the jury believe from the evidence that defendant failed to deliver to the plaintiff the one third part of the corn raised by him on the said rented ground, they will find for plaintiff, and assess his damages at the value of said corn which he failed to deliver; and if they further find that said farm was not cultivated in a husbandlike manner, they will allow plaintiff an additional amount which might have been produced by said cultivation, giving to plaintiff one third in value thereof.

The defendant then moved the court to instruct the jury as follows:

1. That if they believe from the evidence that defendant cultivated the ground rented of plaintiff in a husbandlike manner, and delivered to the plaintiff one third of the corn raised on said ground, they will find for the defendant.

2. That if they believe from the evidence that plaintiff, or persons in and by his consent—his employ—wilfully put down the fences and permitted his, plaintiff's, stock to run

upon and destroy the corn of defendant, then plaintiff must bear his part of the loss occasioned thereby.

3. The burden of proof is on the plaintiff, and he is bound to prove the facts necessary to entitle him to recover, except the delivery of one third of the corn to plaintiff.

*H. M. & A. H. Vories*, for appellant.

I. The court improperly permitted the defendant to prove that the lease or agreement upon which the suit was brought was executed on a day different from its date, and was at the time dated back to a time anterior to its date.

There was no issue made in the pleadings to authorize the introduction of such evidence, and its introduction could only be intended to either weaken or destroy the obligations of a written instrument which stood admitted and unimpeached by the pleadings.

II. The court below also erred in permitting evidence to go to the jury on the part of the defendant, to show the condition of the rented land at the time that defendant rented it. There was no issue made in the pleadings that would authorize such evidence.

III. The first instruction asked on the part of the plaintiff was improperly overruled by the court. The petition alleges that the fifty acres of land planted in corn produced no more than twenty-five hundred bushels of corn; that plaintiff's share of said corn so raised would be eight hundred and thirty-three bushels of corn; and that he sustained damages as well by the non-delivery of the corn actually raised, as by the failure of the defendant to cultivate the corn in the proper manner. To these allegations the defendant in his answer denies that he failed to cultivate the land in a good manner, and denies that said fifty acres of land cultivated in corn produced *only* twenty-five hundred bushels of corn. The answer not only fails to deny that plaintiff's portion of the corn raised was eight hundred and thirty-three bushels, but by implication asserts that it exceeded that amount. These allegations not having been denied by the answer, stood ad-

Hall v. Huffman.

mitted upon the record, and the jury ought to have been so instructed. (R. C. 1232, § 9, 12; John D. Dare v. Pacific Railroad, 31 Mo. 480; Wells et al. v. Pike, 31 Mo. 590.)

IV. It is admitted that the first instruction given by the court, on the part of the defendant, would be proper if the court had also given the first instruction asked by the plaintiff. The jury ought to have been told, in connection with this instruction, that the amount of corn raised was fixed or admitted by the pleadings at not less than twenty-five hundred bushels. (Authorities above referred to.)

V. The second instruction given by the court on the part of defendant is erroneous, and tends to plaintiff's injury in this: that the jury are instructed by it in such a confused manner that they might infer that plaintiff was liable for what persons in his employ might do, notwithstanding he did not consent to their acts, and said acts not done in the performance of the business relating to their employment.

VI. The court clearly erred in giving to the jury the third instruction on the part of defendant.

1. The facts necessary to be proved in order to entitle the plaintiff to recover is a matter for the court, and not for the the jury. The court should tell the jury what facts are required to be proved, and then it is for the jury to find whether said facts have really been proved. In this instruction both questions are submitted to the jury. (Fugate et al. v. Carter, 6 Mo. 267; Hickey v. Ryan, 15 Mo. 62.)

BATES, Judge, delivered the opinion of the court.

One of the issues was whether the land had been cultivated in a husbandlike manner; and in respect to this issue it might have been very important to show the time when the agreement was made between the parties, and also the condition of the land when received by the defendant. The court therefore properly admitted the testimony in reference to these subjects.

The court properly refused the instruction asked by the plaintiff, that by the pleadings it was admitted that the de-

fendant raised as much as twenty-five hundred bushels of corn. The allegation of the petition is that the defendant did not raise more than, to-wit, twenty-five hundred bushels. The plaintiff evidently did not mean to be bound to a particular, definite amount, and cannot claim that the defendant should answer the allegation as specifying a definite amount. The denial by the defendant is a negative pregnant, but is a sufficient denial of so indefinite an allegation. The allegation and denial together amount to just nothing.

No error is perceived in the instructions given, and they put the case fairly to the jury.

Judgment affirmed. Judges Bay and Dryden concur.