A. WORTH, Respondent, v. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

Kansas City Court of Appeals, January 20, 1896.

1. **Insurance**: ELEMENTS OF CONTRACT. To make a valid contract of insurance there must concur the subject-matter to which the policy is to attach, the risk insured against a fixed indemnity, also the duration of the risk, and the premium must be agreed upon and paid or exist as a valid charge against the insured.

2. ——: ——: FIXING A PREMIUM. Though at the time of making the contract the rate of the risk is not remembered by either party but is referred to a certain compilation of rates, it becomes capable of definite ascertainment and that is sufficient.

3. ——: ——: WAIVER OF PREMIUM. A payment of the premium at the time of making the contract may be waived, and an instruction submitting that question is approved.

4. ——: ——: SUBSEQUENT DELIVERY OF POLICY: NOTICE OF LOSS. Where, after oral contract of insurance, the premium is accepted and the policy delivered, it relates back to the making of the oral contract, and the assured is not bound at the time of paying the premium and receiving the policy to voluntarily inform the insurer of the destruction of the property.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*G. W. Barnett* for appellant.

(1)  The court erred in refusing to give to the jury the instruction in the nature of a demurrer to plaintiff's evidence, asked by defendant at the close of plaintiff's evidence, for the reason that the undisputed evidence shows that the policy was issued and delivered after the fire without any knowledge of defendant's agent of the destruction by fire of the property. Plaintiff's evidence does not establish a consummated verbal agreement of insurance previous to the fire, and therefore the plaintiff was not entitled to recover. *Brownfield v. Ins. Co.*, 35 Mo. App. 54; *Brownfield v. Ins. Co.*, 26 Mo. App. 390. *First.* All conditions precedent must have been complied with. 1 Wood on Ins. [2 Ed.], sec. 14, p. 39. *Second.* Plaintiff must conclusively establish the contract. So long as the matter is in a situation that either party can recede from or withdraw his offer, no perfected contract exists. 1 Wood on Ins. [2 Ed.], sec. 15, p. 39. (2) The court erred in refusing instruction number 2, prayed by the defendant, as such instruction clearly defines the law as applicable to this case. 1 Wood on Fire Ins. [2 Ed.], secs. 5 and 6, and authorities there cited. *Brownfield v. Ins. Co.*, 35 Mo. App. 54. (3) The court erred in giving instruction number 4 on behalf of plaintiff, as it is in conflict with the law as correctly declared in defendant's refused instruction number 2. See authorities cited under point 2. And because it authorizes a recovery upon a verbal contract to insure. The law is, there can be no recovery unless there was a consummated contract of insurance before the fire.

*Lyon & Snell* for respondent.

(1) The court properly overruled appellant's demurrer to respondent's evidence. The case of *Brownfield v. Ins. Co.*, in 35 Mo. App. 54, cited by appellant, does not decide that the amount of the premium shall be agreed upon in order to make a binding contract, but on the contrary they copy with approval from 17 Iowa, 288. It is not necessary that the amount of premium should be agreed upon, for in its absence, established or customary rate will be considered, and the fixing of the amount of premium by the agent after loss and assented to by plaintiff would render the contract binding. 1 Wood on Insurance [2 Ed.], p. 66, sec. 27. *Baldwin v. Ins. Co.*, 56 Mo. 151. (2) The court properly gave instruction number 1 for respondent. 1 Wood on Insurance [2 Ed.], sec. 20, p. 49; *Baldwin v. Ins. Co.*, 56 Mo. 151; *Ins. Co. v. Ins. Co.*, 19 Howard (U. S.), 318. (3) The court properly gave instruction number 2 for respondent. *Ins. Co. v. Colt.*, 20 Wallace, 560; 1 Wood on Ins. [2 Ed.], sec. 10, p. 27. (4) The court properly gave instruction number 3 for respondent. *Keim v. Ins. Co.*, 42 Mo. 41; *Baldwin v. Ins. Co.*, 56 Mo. 151. (5) The court properly gave instruction number 4 for respondent. See 1 Wood on Insurance [2 Ed.], p. 66, sec. 27; *Baldwin v. Ins. Co.*, 56 Mo. 151.

SMITH, P. J.—This is an action on a policy of fire insurance, wherein the plaintiff had judgment, from which defendant has appealed. The main contention of the defendant here is that the trial court erred in overruling its demurrer to the plaintiff's evidence, to the disclosures of which we may now turn our attention.

It appears that on the thirteenth of October, 1894, the plaintiff, a dealer in hay and feed, applied to one

Bennett, an insurance agent and broker, for $1,000 additional insurance on the stock of hay and feed the former had then accumulated in his warehouse, in Kansas City, Kansas. The plaintiff told Bennett that he only had $1,500 insurance on his stock and that he wanted $1,000 more as quickly as he could get it. Bennett thereupon told plaintiff that it was all right and that he would let him know later. At about half past 2 o'clock of that day, Bennett called plaintiff up through the telephone and told him that he had placed the desired policy for him and that it was "all right." It further appeared that Bennett, not being able to place the risk with any of the companies for which he was agent, telephoned to one Merriam, an insurance agent in Kansas City, Kansas, asking him if he could cover $1,000 insurance on hay, and so forth, for plaintiff, at Bunker avenue and Ewing street, Kansas City, Kansas; that Mr. Merriam answered that he could and would place it in the defendant company. In the same telephone conversation, Merriam inquired of Bennett what the rate was for a risk of that class, saying that he did not know the rate; that Bennett in reply told Merriam that it did not make any difference about the rate, but to write it up for him, and that the former then told the latter that it was all right; that thereupon Bennett told Merriam that he would mail him the "forms," by which was meant the written portions of the policy describing the subject of the risk, etc. It appears further that Bennett, on the same evening that the foregoing conversation was had, made out and mailed to Merriam the forms promised.

On Sunday night, the fourteenth of October, the plaintiff's hay and feed were burned. On the next day, Monday, the fifteenth, the plaintiff obtained an order from Bennett to Merriam for the policy. Merriam, on receipt of the order, took up the form, which

in the meantime he had received through the mail from Bennett and handed it to his clerk, directing him to write out the policy, which was done accordingly. When the policy was completed and delivered to plaintiff, he paid Merriam $40 therefor, the premium demanded.

The testimony further tended to show that it was the custom and habit of insurance agents to order insurance, the one from the other, by telephone, and to write it up on such orders; and to make payment of the premiums sometime during the succeeding month on presentation of the bills therefor. When plaintiff presented the order from Bennett to Merriam for the policy of insurance, the former did not tell the latter that the fire had occurred, nor does it appear such latter knew the fact. Even though it does appear that the defendant's agent did not know, at the time of the delivery of the policy, that the property covered by it had been destroyed by fire, yet this would not preclude a recovery on the policy by the plaintiff, if there was a completed verbal contract of insurance in existence, previous to the occurrence of the fire.

In order to make a valid contract of insurance, these essential conditions must concur, viz.: *First.* The subject-matter to which the policy is to attach must exist. *Second.* The risk insured against. *Third.* The amount of indemnity must be definitely fixed. *Fourth.* The duration of the risk. *Fifth.* The premium or consideration to be paid therefor must be agreed upon and paid, or exist as a valid charge against the party insured, when the payment in advance is not a part of the condition upon which the policy is to attach. If anything has been left open, no contract exists, because the minds of the parties have not met and there is not an agreement that can be enforced by either party; and both parties must be bound, the one

to insure, and the other to pay the premium.   Woods on Fire Ins., secs. 5, 6.

The defendant insists that the evidence does not disclose that the premium or consideration to be paid for the insurance was agreed upon and that therefore one of the essential conditions to the validity of the contract in question is wanting.   It appears from the evidence that the rates of insurance in Kansas City, Kansas, are not fixed by a board of underwriters, and that the rate for the various kinds of risks is taken by the insurance companies doing business in that city, from Clarkson's compilation of rates.   Defendant's agent, when he accepted the plaintiff's risk, did not have the rate therefor in his mind and so inquired of plaintiff's agent what it was.   The latter not being able to furnish the desired information, stated to the former, to write the policy up, as the rate was of no importance.   The plain inference to be deduced from these facts is that it was the understanding of the parties, that the rate to be paid was that fixed by Clarkson's compilation, which seems to have been four per cent.   The rate for a risk like that the defendant was assuming, was, therefore, fixed and definite and was that which one agreed to pay and the other to receive.   The rate fixed by Clarkson was that charged by insurance companies doing business in the city where the property covered by the risk was located.   This was understood by the agent of each of the negotiating parties. It follows, therefore, that when the defendant agreed to insure the plaintiff's property, it was well understood by both parties that the rate was that fixed in Clarkson's compilation, whatever it was.   That was the agreed rate, though neither party then knew exactly what it was.   It was capable of definite ascertainment.

Under the custom then prevailing among the agents of insurance companies, the premium was not payable until the succeeding month. It is not essential, unless expressly required by the agent, that the premium should be paid at the time when the contract is entered into, in order to constitute a valid contract of insurance. It is enough that the premium is paid when the policy is made, and even then the agent may give credit. May on Ins., sec. 22; Wood on Ins., secs. 30, 31. It seems to us that the plaintiff showed a completed contract and was entitled to demand a policy thereon. *Brownfield v. Ins. Co.*, 26 Mo. App. 390; *Brownfield v. Ins. Co.*, 35 Mo. App. 54. The contract to insure is the principal act and whether the premium is paid or waived is an immaterial circumstance. If the policy is executed subsequently and made as of the date of the principal act, it will have relation back to the doing of the principal act. *Brownfield v. Ins. Co., ante; Davenport v. Ins. Co.*, 17 Iowa, 288.

When the defendant accepted the premium and delivered the policy, the agreement to insure was complete and ratified as of the date of the contract. The plaintiff had a right to rely on the agreement and was not bound to voluntarily inform defendant of the fire.

When the parties agreed upon the terms, the contract was complete and executed and the plaintiff was entitled to the indemnity contracted for. *Baldwin v. Ins. Co.*, 56 Mo. 151; *Ins. Co. v. Ins. Co.*, 19 Howard, 318; Wood on Fire Ins., sec. 20. In any view of the plaintiff's evidence which we have been able to take, we think it was ample to entitle him to a submission of the case to the jury.

No error is perceived in the action of the court in refusing defendant's second instruction. This instruction made the validity of the contract of insurance dependent upon the finding by the jury of the exist-

ence of one of two conditions, namely:    That plaintiff had either actually paid the premium before the fire, or that payment thereof had been waived.    There was no evidence adduced to prove the former, but there was the latter.

The twelfth instruction given by the court on its own motion fairly submitted to the jury the issue of waiver of payment of the premium, and that was as much as the defendant was entitled to.

The defendant's criticism of the plaintiff's instructions we think without merit.    At all events, we do not discover that any error was committed against defendant materially affecting the merits of the action, either in the giving or refusing of instructions.

We think upon the evidence the judgment is clearly for the right party and ought to be affirmed, which is accordingly ordered.    All concur.