HERMAN HINDENLANG & others, trustees, *vs.* PETER J. MAHON.

Suffolk.　November 20, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Lord's Day. Contract,* Validity. *Evidence,* Of intent, Extrinsic affecting writings.

In an action by the three trustees of a real estate trust on a contract in writing for the balance of purchase money due for the price of a parcel of land, where the defence was that the alleged contract was invalid under St. 1904, c. 460, § 2, because made on the Lord's day, it appeared that on a Sunday the defendant agreed with one of the plaintiffs, who undertook to act for all of them, to buy the land at a certain price, of which the defendant paid $5, that the plaintiff with whom the defendant had the interview had authority to negotiate sales of land for the trustees but not to execute a written agreement for such a sale, that it did not appear that the defendant had any notice of this limitation of authority, that the contract was reduced to writing in duplicate, dated one day ahead, on Monday, and that both intended originals were signed by the defendant and were signed as a witness by the plaintiff who made the sale, that the defendant delivered the instrument as his contract and considered the transaction complete, believing that the only reason he did not receive at that time one of the originals was because, as he was told, the instrument had to be recorded, and that the next day, Monday, the three plaintiffs executed the contract as trustees, and afterwards sent one of the originals by mail to the defendant. The trial judge refused to rule, as requested by the plaintiff, that the contract was not executed on the Lord's day and was not void, and found for the defendant. *Held,* that there was nothing to show that the contract ever was adopted on a secular day, and that the finding for the defendant was warranted.

In the same case it was *held,* that the defendant properly could be asked by his counsel the question, "When you gave that paper with your signature thereon to [one of the plaintiffs], did you intend to deliver it as your contract?", the defendant being entitled to show at what time the contract was delivered by him in order to prove that, although dated on Monday, it was completed on Sunday so far as the defendant was concerned.

CONTRACT by Herman Hindenlang, Walter Hindenlang and Arthur Hindenlang, the trustees of the Securities Real Estate Trust under a written declaration of trust, upon a contract in writing, dated July 26, 1915, which was a Monday, to recover $368, being the purchase price of a parcel of land in Boston less $5 paid, and interest thereon. Writ in the Municipal Court of the City of Boston dated November 27, 1915.

The evidence at the trial in the Municipal Court is described

in the opinion, where also the findings and rulings of the judge are stated. The judge found for the defendant, and at the request of the plaintiffs reported the case to the Appellate Division. It was agreed by the parties that, if the refusal to give the ruling requested by the plaintiffs, which is stated in the opinion, was error, judgment was to be entered for the plaintiffs in the sum of $363 and interest from the date of the writ, and that, if the ruling on evidence constituted prejudicial error, a new trial should be had.

The Appellate Division made an order dismissing the report, and the plaintiffs appealed.

The case was submitted on briefs.

*J. F. McDonald & J. M. Graham,* for the plaintiffs.

*M. F. O'Malley,* for the defendant.

CROSBY, J. This is an action of contract to recover an unpaid balance of the purchase price of certain real estate, under a written agreement for the sale thereof by the plaintiffs to the defendant. The answer as amended is a general denial, payment, that the contract was made on Sunday, and the statute of frauds.

The case comes to this court upon an appeal from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report made by the trial judge. The report recites that "on Sunday, July 25, 1915, the defendant and Arthur Hindenlang, one of the plaintiffs, he having authority to negotiate sales of land, but not to execute the final written agreement for such sales, met on the land and concluded an oral bargain. It did not appear that the defendant had any notice of the above limitation upon the authority of said Arthur Hindenlang, unless the same appears from the form of said agreement." It also appears from the report that $5 was paid upon the purchase price in accordance with the oral agreement; that the written agreement was prepared in duplicate; that both copies were signed by the defendant; that Arthur Hindenlang signed as a witness and both copies were delivered to him; that on the following day (Monday) Arthur delivered them to the plaintiff Herman, who signed and sealed them on behalf of the plaintiffs, and that a day or two afterwards one of the copies was sent by mail to the defendant.

At the close of the evidence the judge refused to rule as requested by the plaintiffs, that the contract was not executed on

the Lord's day and was not void; and found for the defendant. The judge also made the following finding of facts: "I find that so far as acts by the defendant were concerned, everything was done on Sunday, and that he intended and supposed the making of the contract in suit to be then concluded, and that he did nothing to affirm or adopt it on a secular day. I find that the indenture was not finally executed by the plaintiffs until Monday."

The following question was put to the defendant on direct examination: "When you gave that paper with your signature thereon to Arthur Hindenlang, did you intend to deliver it as your contract?" This question was properly admitted. The answer was, "I understood I was to get the contract then." The plaintiffs did not move to strike out the answer. While oral evidence to vary or modify the contract was inadmissible, still the defendant was entitled to show at what time it was made. It was competent to show that it was completed on Sunday, and the question on direct examination evidently was asked for that purpose. The defendant's testimony on cross-examination, "I meant that I thought I was to retain one of them then. He (Arthur Hindenlang) said he had to take it to the office to record it," was evidence to show that the contract was fully completed on Sunday so far as the defendant was concerned. Although the contract was dated on the following Monday, it was in fact executed by the defendant on Sunday and the first payment was made by him on that day. It is obvious that as to the defendant the agreement was fully completed on the Lord's day and was illegal and void. The making of the agreement was a penal offence. St. 1904, c. 460, § 2. *Horn* v. *Dorchester Mutual Fire Ins. Co.* 199 Mass. 534.

The cases relied on by the plaintiffs which hold that when negotiations are entered into on Sunday and the contract is completed on a secular day it is valid, are not applicable for the reason that the court was warranted in finding that as to the defendant everything was concluded on Sunday. The defendant was justified in believing that the contract was fully completed on that day, and that the only reason why he did not then receive a copy of the agreement was because he was told that it had to be recorded. *Bradley* v. *Rea,* 14 Allen, 20. *Kryzminski* v. *Callahan,* 213 Mass. 207, 208.

There is nothing to show that the contract ever was adopted

on a week day, and we do not understand that the plaintiffs so contend. *Miles* v. *Janvrin,* 200 Mass. 514, 517, 518.

The order of the Appellate Division dismissing the report must be affirmed.

*So ordered.*