F. A. BURNER, RESPONDENT, v. THE AMERICAN INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals.   November 7, 1927.

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, section 50, p. 58, n. 69; Insurance, 32CJ, section 175, p. 1092, n. 23.

*A. G. Knight* and *Davis & Ashby* for respondent.

*Hogsett & Boyle* and *L. P. Robinson* for appellant.

FRANK, C.—This suit was instituted in the circuit court of Livingston county upon a fire insurance policy to recover the sum of $900 for loss of a barn and $50 for loss of harness.

On application of defendant, the venue of said cause was changed to the circuit court of Grundy county where the case was tried and judgment rendered in favor of plaintiff in the sum of $925.17, which sum represented the value of the property sued for with accrued interest. The facts pertinent to a decision of the question presented by this appeal are as follows:

Defendant is an insurance corporation, organized under the laws of the State of New Jersey, and authorized to engage in the business of insuring persons against loss of property by fire in this State. During the times involved in this action, and prior thereto, one A. T. Weatherby was defendant's local agent in charge of its business in Livingston county, Missouri, and was authorized to take applications for insurance on farm property, forward same to defendant for its acceptance or rejection, countersign and deliver policies issued by defendant and collect premiums on policies so issued.

Plaintiff was a farmer, residing in Livingston county, Missouri. On June 1, 1921, he made written application to defendant, through its local agent, Mr. Weatherby, for insurance against loss or damage by fire and lightning to the amount of $2500 for the term of five years from the first day of June, 1921, on the property described in said application. The application included the property involved in this suit and requested insurance thereon in the amounts sued for in this case. The application was mailed to defendant by the local agent. Defendant accepted the application on June 7, 1921, and on June 10, 1921, issued a policy thereon in the sum of $3500, and mailed the same to A. T. Weatherby, its local agent, for countersignature and delivery. The local agent countersigned the policy on June 10, 1921, and mailed same to plaintiff who received it a day or two thereafter. This policy covered the barn and harness involved in this suit in the sum of $900 and $50 respectively. The remainder of the $2500 covered other property described in the application.

Defendant's answer contains the following admissions.

Defendant admits it is a corporation organized and existing and doing business as alleged in said petition and that it had an agent in Livingston county, Missouri, at the times alleged in said petition,

empowered to countersign policies of insurance; admits that for the consideration alleged in said petition defendant did issue to plaintiff its policy of insurance number 111916 for a period of five years, insuring plaintiff against loss or damage by fire; admits that said policy was upon the property described in said petition; admits that on June 6, 1926, the barn and harness described in said petition were destroyed by fire; admits plaintiff was the owner of said barn and harness and that it was duly notified of said loss and that plaintiff demanded payment of $950 from defendant by reason of said loss; admits it denied liability for said loss under said policy; admits that plaintiff paid the premiums on said policy.

Plaintiff carried insurance with defendant under a policy numbered 892692 prior to the issuance of the policy in suit. The policy sued on in this case recites.

THE AMERICAN INSURANCE COMPANY of the city of NEWARK, New Jersey.

In consideration of cancellation of Policy No. 892692 and twenty-three dollars paid and the payment of installments when due on an installment note of one hundred dollars due and payable as follows: twenty-five dollars on the first days each of June, 1922, 1923, 1924 and 1925, and the warranties made in his application for indemnity in said company, does by this policy agree to indemnify F. A. Burner and his legal representatives against so much of the Loss or Damage by FIRE, LIGHTNING, WINDSTORMS, CYCLONES and TORNADOES as the Insured has requested in his Application, not exceeding the sum of TWO THOUSAND FIVE HUNDRED Dollars named herein, from the 1st day of June, 1921, at noon, to the 1st day of June, 1926, at noon, as follows:

The policy also contains the following further provision:

IN WITNESS WHEREOF, the said Company has caused this policy to be signed by its President and attested by its Secretary. This policy shall not be valid until countersigned by the duly authorized agent of the Company at Dawn, Mo.

C. W. Bailey, President.

F. Hoadley, Secretary.
Countersigned at Dawn, Mo.,
this 10th day of June, 1921.
A. T. Weatherby, Agent.

Appellant contends that the policy in suit expired on June 1, 1926 and was therefore not in effect on June 6, 1926, when the fire occurred, for the following reasons: (1) plaintiff's written application requested insurance for a period of five years from the first of June 1921; (2) the policy recites that defendant agrees to indemnify plaintiff from the first day of June, 1921, at noon to the first day

of June, 1926, at noon, and (3), the policy provided that the annual premiums were payable on the first days of each June in 1922, 1923, 1924 and 1925.

It is the contention of respondent that the policy did not become effective until countersigned by defendant's local agent for the reason that the policy provides that it shall not be valid until countersigned by the duly authorized agent of the company at Dawn, Missouri. The policy was countersigned by defendant's agent on June 10, 1921. If respondent's contention as to the effective date of the policy is sound, the policy was in force on June 6, 1926, the date of the fire, because the policy runs for five years from its effective date.

The law is well settled in this State and elsewhere that parties to an insurance contract have a right to agree on the terms of such contract and to provide therein, when and under what circumstances and conditions the contract shall go into effect. [Pierce v. Insurance Company, 174 Mo. App. 383, 390 and cases cited; Gallop v. Royal Neighbors, 167 Mo. App. 83, 88, 89.]

The question here presented is whether or not the stipulation in the policy to the effect that it shall not be valid until countersigned by defendant's local agent at Dawn, Missouri, is controlling when the effective date written in the policy is another and different date. A similar question was before the Supreme Court in the case of Halsey v. Insurance Company, 258 Mo. 659. Halsey's application for insurance recited, "I, Augustus C. Halsey, of St. Louis, Missouri, hereby propose to insure my life with the American Central Life Insurance Company to the amount of $10,000. The annual premium to be made payable in advance on the 24th day of May."

His application also recited that failure to pay any premium or obligation given to the company therefor at the time the same became due would render any policy issued upon any such application void and terminate all liability to the company thereon. A policy was issued on this application on May 31, 1906, and delivered to Halsey on June 5, 1906. The first premium was paid. On May 31, 1907, the second premium was tendered to defendant but was not accepted. Halsey died on June 5, 1907. The policy contained the following recital:

". . . hereby insures the life of Augustus C. Halsey, hereinafter called the 'insured,' of the city of St. Louis, State of Missouri, for a period of one year from the 24th day of May, 1906, and in consideration of the further payment in cash of $307 on or before the 24th day of May and every year thereafter during the continuance of this policy until fifteen full annual premiums shall have been paid, hereby promises to pay ten thousand dollars to the insured's executors."

In affirming a judgment for plaintiff in this case the Supreme Court· at l. c. 669, said,

"I. All the courts of the country, both State and Federal, give a .very liberal construction to contracts of insurance, and never permit a miscarriage of justice by a technical or narrow construction thereof.

"While this record discloses the fact that the application for the insurance of the deceased was dated May 24, 1906, and that the premiums were payable upon that date, yet that was not all of the contract between the parties. The policy itself was just as important a factor in the agreement as was the application for the insurance. The policy was dated May 31, 1906, but it was not delivered until June 5th of that year, which by its express terms was not to become effective until delivered, and the first annual premium was paid, which was done on June 5, 1906.

"Under the terms of this contract, which consisted of the application and the policy issued in pursuance thereto, the deceased was clearly insured for one full year from June 5, 1906, to the last minute of June 4, 1907. That being unquestionably true, and the tender made of the second premium by the brother of the deceased on May 31, 1907, while the policy was still in full force and effect, was clearly made within the time agreed to by the parties, if the entire contract is to be considered as a whole."

To the same effect: Landrigan v. Insurance Co., 211 Mo. App. 89; Johnson v. Life Insurance Co., 212 Mo. App. 290; Stout v. Missouri Fidelity & Casualty Company, 179 S. W. 993.

In Hiatt v. Fraternal Home, 99 Mo. App. 105, the St. Louis Court of Appeals had before it the following state of facts. Hiatt applied for insurance in defendant organization. The by-laws of said organization which were a part of every insurance contract issued by it provided that applicants for insurance should undergo a medical examination; that such application and examination should be sent to the supreme medical director for review; that if approved by the supreme medical director, a benefit certificate should be issued, signed by the supreme president and supreme secretary and sent to the secretary of the local lodge and countersigned by the president and secretary thereof and delivered to the applicant when initiated. Hiatt's application for insurance was approved and a policy issued and sent to the secretary of the local lodge but was not countersigned by the officers of the local lodge before Hiatt's death. In passing on this state of facts the court said,

"But aside from these considerations the certificate is sued on as a complete and fully executed contract. Under the by-laws it could not be fully executed or become a complete contract until countersigned by the secretary and president of the local lodge."

1198

The following cases from other jurisdictions held that a stipulation in an insurance contract to the effect that it shall not be valid until countersigned by an authorized agent of the company, is one which the insurer had a legal right to make, and constitutes a condition precedent to the validity of the policy. [Badger v. American Popular Insurance Co., 103 Mass. 244, 4 American Reports 547; Lynn v. Burgoyne, 13 B. Monroe (Ky.) 400; Newcomb v. Provident Fund Sec. of New York, 5 Colo. App. 140, 38 Pac. 61; Fidelity & Casualty Co. of New York v. Walton et al. (Okla.), 104 Pac. 909; McCully's Adm'r v. Phoenix Mutual Life Insurance Co., 18 W. Va. 782; Royal Exchange Assur. of London v. Almon (Ala.), 80 So. 456.]

We have examined the cases cited by appellant in support of his contention that the commencement and duration of plaintiff's term of insurance is controlled by the dates definitely fixed in his policy, although the policy was countersigned and delivered on a date subsequent to that named in the policy, but we find these cases are not controlling here, for the reason that the policies considered in such case did not contain a stipulation which constituted a condition precedent to the validity of the policies. We regard the stipulation in the policy in the instant case to the effect that it shall not be valid until countersigned by defendant's local agent, as a condition precedent to the validity of the policy, and therefore hold that the policy in suit was in force on June 6, 1926, the date of the fire, because the term of insurance commenced on June 10, 1921, the date the policy was countersigned and continued for five years thereafter.

The facts in this case are admitted. In this state of the record, the only point to be considered is the effective date of the policy and this is a question of law to be determined by the court on a proper construction of the policy. Under the admitted facts, the verdict was for the right party. This conclusion obviates the necessity of discussing complaints lodged against the admission of evidence and the giving of instructions. Judgment affirmed. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.