## CHICAGO FIRE & MARINE INS. CO. OF CHICAGO, ILL., v. HYDE PARK CONGREGATIONAL CHURCH (two cases).

Circuit Court of Appeals, Eighth Circuit.
October 9, 1929.

Rehearing Denied November 16, 1929.

Nos. 8406, 8407.

Harry C. Willson, of St. Louis, Mo. (Thomas O. Stokes, of St. Louis, Mo., on the brief), for appellant and plaintiff in error.

William Hilkerbaumer, of St. Louis, Mo. (John C. Robertson, of St. Louis, Mo., and Mercer Arnold, of Joplin, Mo., on the brief), for appellee and defendant in error.

Before KENYON and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. This case comes to us on both appeal and writ of error. We take the case on appeal, and the writ of error is dismissed.

This is a suit by the Hyde Park Congregational Church, of St. Louis, Mo., to recover against appellant on a policy of tornado insurance. This policy, in the sum of $5,000, was intended to take the place of a prior policy of insurance on the church property, issued by the Providence-Washington Insurance Company in May, 1927. The Schiele-Kleinschmidt Agency Company of St. Louis was agent for both insurance companies. There had been a small loss under the then existing policy. Mr. Schiele, of the agency company, took the amount of this loss to a Mr. Robertson, who appears to have been the church trustee with whom Mr. Schiele transacted this business. He told Mr. Robertson that the Providence-Washington Company would not care to continue its policy, unless the assured would increase the amount of tornado insurance more nearly to the value of the building. Mr. Robertson stated that the church could not afford to take out more insurance, whereupon Mr. Schiele told him that he would write the insurance in another company. He did not tell Mr. Robertson at what time he would rewrite the policy, nor in what company. This conversation took place on September 27 or 28, 1927. Mr. Schiele returned to his office and made the proper memorandum for his office force to write another policy for the same amount in the Chicago Fire & Marine Insurance Company, appellant herein. Miss Sylvia Schiele, daughter of Mr. Schiele, employed in the office of the agency company, testifies that on September 29, 1927, she found the memorandum made by her father for a policy in the Chicago Fire & Marine Insurance Company. The policy in suit was

written that morning, and, together with the Providence-Washington policy, was placed on Mr. Schiele's desk. The latter policy had been brought to his office by Mr. Schiele for cancellation contemporaneously with the issuance of the new policy. Mr. Schiele did not see either policy prior to the luncheon hour.

While he was at luncheon on September 29th, at about 1 o'clock in the afternoon, a violent windstorm occurred, causing damage to the church in the sum of about $18,000. Mr. Schiele was immediately called into the devasted district, and did not return to his office until late that afternoon. He found over 300 losses reported in companies represented by his firm, and so, as he says, he did not get to his regular desk work until later. On September 30th, or October 1st, he found the policy in suit lying on his desk for signature, and he then signed it as it was written. It was dated September 29th. The policy was subsequently delivered to the trustees of the church, together with a credit memorandum for premium upon the unexpired Providence-Washington policy; this latter memorandum the trustees of the church refused at that time to accept, desiring to hold the one company or the other; subsequently suit was brought against both. At that time the Providence-Washington policy had not been canceled. Mr. Schiele says that he did not cancel it, because he wished to protect whatever rights properly belonged to the insured. Some months later this policy was returned to the Providence-Washington Company in Chicago. It was stated at the hearing in this court that the suit against that company had since been dismissed.

The policy in suit provided expressly that it should not take effect until countersigned by the local agent. According to the testimony of Schiele and his daughter, and there is nothing in the record to the contrary, it was not countersigned, and, therefore, did not become effective by its terms, until after the damage accrued. Appellant filed answer denying liability, alleging that its policy of insurance did not become effective prior to the loss. At the trial a jury was waived, and there was a partial stipulation as to facts. The testimony of Schiele, and of his daughter, by whom the policy was written, as to the time when the policy was countersigned, was stipulated subject to objection. The objection made was that this testimony tended to vary the terms of a written contract, and was therefore incompetent. The trial court ultimately so ruled, and rendered judgment for appellee.

This appeal raises two questions: First, it is appellant's contention that its policy was to be issued only as a substitute for the Providence-Washington policy, and that there should be no liability on its part unless there was a valid cancellation of the latter policy prior to the tornado; second, appellant's policy provides that it should not be valid until countersigned by the duly authorized agent of the company at St. Louis. The question is whether it can be shown by parol testimony that it was not actually countersigned until after September 29th.

The answer to the first of these questions is somewhat in doubt. It does not expressly appear from the testimony that appellant's policy was to be issued and to become effective only in case the other policy was canceled. It would appear, however, that the Providence-Washington policy should remain in force at least until the substitution took place, and it was clearly the understanding that the insurance was not to be increased; consequently, but one policy, in contemplation of the parties, was to be in force at the same time. As has been said, the Providence-Washington policy was not canceled at that time. The fact that it has since been canceled, and that the suit against it has been dismissed, can have no effect upon the rights of the appellant in this case. Kerr v. Milwaukee Mechanics' Ins. Co. (C. C. A. 8) 117 F. 442; Waterloo Lumber Co. v. Des Moines Ins. Co., 158 Iowa, 563, 138 N. W. 504, 51 L. R. A. (N. S.) 539; Clark v. Insurance Co., 89 Me. 26, 35 A. 1008, 35 L. R. A. 276.

The appellee in this case argues: That a resident agent may bind his principal by an oral contract of insurance. Corrigan v. National Motor Underwriters (Mo. App.) 1 S. W. (2d) 845. That, where there is an agreement to insure for a definite period and the premium is paid, a contract may be complete and enforceable, even though the policy has not been written, and this may be true where such agreement of the agent is disclosed, even without prepayment of premium. Eames v. Home Insurance Co., 94 U. S. 621, 627, 24 L. Ed. 298; Isaac Keim, etc., v. Home Mutual Fire & Marine Ins. Co., 42 Mo. 38, 97 Am. Dec. 291; Baldwin v. Chouteau Ins. Co., 56 Mo. 151, 17 Am. Rep. 671; Worth v. German Insurance Co., 64 Mo. App. 583.

This contention amounts to the claim that Schiele, in his conversation with Robertson, orally covered the property with insurance in the appellant company, independently of the policy contract. The practice of agents in this respect, under some circumstances, is

a familiar one; but we do not think the testimony on this point, which is confined to that of Schiele, justifies this interpretation, especially since the property was already insured, and the situation was not one where property stood wholly unprotected pending the writing of a policy. However, appellee declares upon this specific written policy contract, and cannot in this action recover upon an alleged verbal contract. With respect to the question of whether an oral contract was made, of course, Schiele's deposition would be competent in any event.

We come now to the main question in the case, which is whether the policy of insurance between these parties was in existence prior to the loss—i. e., whether the policy covers that loss. This inquiry necessarily includes the question as to the competency of parol testimony respecting the time when the policy was countersigned, and therefore when, by its terms, it became valid and effective. Plaintiff, appellee, declares upon this contract, and must therefore be bound by its terms. It is to be accepted that the competency of evidence in a civil case is determinable by the law of the state where the trial is had. Von Crome v. Travelers' Ins. Co. (C. C. A. 8) 11 F.(2d) 350, 352; Franklin Sugar Refining Co. v. Luray Supply Co. (C. C. A. 4) 6 F.(2d) 218.

Turning, then, to the Missouri cases, which are controlling under this rule, we find that "facts going to show that a writing never acquired original vitality as a contract are not considered as infringing the rule of evidence excluding verbal contradiction of writings." Barrett v. Davis, 104 Mo. 549, 559, 16 S. W. 377, 379. It is there held, quoting with approval from Wallis v. Littell, 11 C. B. (N. S.) 369, that: "It neither varies nor contradicts the writing, but suspends the commencement of the obligation." See, also, to the same effect: Vardeman v. Bruns (Mo. App.) 199 S. W. 710, with liberal citation of federal cases; Poplin v. Brown, 200 Mo. App. 255, 205 S. W. 411; Burner v. American Ins. Co., 221 Mo. App. 1193, 300 S. W. 556; Hall v. Huffman, 32 Mo. 519; Halsey v. Insurance Co., 258 Mo. 659, 167 S. W. 951; Landrigan v. Missouri State life Ins. Co., 211 Mo. App. 89, 245 S. W. 382; Johnson v. American Cent. Life Ins. Co., 212 Mo. App. 290, 249 S. W. 115; Davidson v. Poague (C. C. A. 7) 263 F. 876; District of Columbia v. Camden Iron Works, 181 U. S. 453, 461, 21 S. Ct. 680, 45 L. Ed. 948; Lee et al. v. Massachusetts Fire & Marine Ins. Co., 6 Mass. 208; Hindenlang et al. v. Mahon, 225 Mass. 445, 114 N. E. 684.

Among cases cited, in an effort to show the inapplicability of this rule, is Farmers' State Bank v. Sloop (Mo. App.) 200 S. W. 304; but that case expressly recognizes the doctrine announced in the preceding cases (200 S. W. loc. cit. 305), and cites 17 Cyc. 642, in support of its statement. Moore v. Leach (Mo. App.) 14 S.W.(2d) 21, 22, is to the same effect. The controlling distinction is very clearly set forth in 17 Cyc. 642, carried forward in 22 C. J. § 1540, p. 1148:

"The rule excluding parol evidence has no place in any inquiry unless the court has before it some ascertained paper beyond question binding and of full effect, and hence parol evidence is admissible to show conditions relating to the delivery or taking effect of the instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; but evidence is not admissible which, conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify, or change the character of the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain conditions or contingencies, for this does vary or contradict the terms of the writing."

Paragraph 1608 (22 C. J. 1208) is cited to the contrary effect, but this is not the true interpretation of its language. That paragraph refers to a change in the date of an instrument which is already accepted as a subsisting contract as of the date affecting the controversy. In this view sections 1540 and 1608 are entirely consistent. The rule announced in section 1540 is supported by the overwhelming weight of authority, state and federal.

It follows that the exclusion of the testimony of Schiele and his daughter as to the true date of countersigning the policy was wrong, and that the resulting judgment was erroneous. Of course, the court was right in refusing to allow a penalty for refusal to pay in any view of the case. The decisions of this court in Mutual Life Ins. Co. v. Hurni Packing Co., 280 F. 18, and of the Supreme Court in the same case, 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, do not militate against the conclusion here reached.

The judgment below is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.