Robbins, J.
This is an action on a promissory note of which the defendant was one of three signers.
The only defence at the trial was that the note was made and delivered on a Sunday. The note was presented in evidence and it was dated on a week day. Witnesses for the plaintiff testified that the note was made on a week day. Answers of the defendant to interrogatories propounded to *22 him were placed in evidence. In them the defendant answered that he did not know whether or not he signed the note, that he did not know the date on which he signed the note or whether it was signed in the presence of witnesses. The defendant testified that he signed the note on a Sunday in the presence of the plaintiff’s manager and that the note was then delivered.
The plaintiff filed several requests for rulings to the effect that as a matter of law the evidence warranted a finding for the plaintiff. These requests were denied by the trial court who made the following finding:
“The Court finds that the note in suit was signed by Jhe defendant, and delivered to the plaintiff, on the Lord’s Day, and not on January 5, 1937, the day it is dated.”
The plaintiff claimed to be aggrieved by the refusal to rule as requested.
In its brief the plaintiff contended that the defendant’s answers to interrogatories stating that he did not know about the signing of the note, precluded the court from believing the defendant’s testimony at the trial wherein he described the circumstances of that signing. Whatever the weight to be .given such answers to interrogatories as a matter of fact, as a matter of law they were not conclusive on the defendant. Tighe v. Skillings, 297 Mass. 504, 507; Dome Realty Co. v. Cohen, 209 Mass. 36, 39; Weiner v. D. A. Schulte, Inc., 275 Mass. 379, 384.
Therefore the ease presented to the trial court the question of which of the contradictory stories should be believed. There was evidence, which if believed, warranted a finding for the plaintiff, and in our opinion the trial judge should have given the rulings to this effect which were requested. But their refusal does not constitute error because the judge by a clear and definite finding has demon *23 strated that these requests were immaterial. Himelfarb v. Novadel Agene Corporation, Mass. Adv. Sh. (1940) 499; Strong v. Haverhill Electric Company, 299 Mass. 455. The special finding of the court that the note was made and delivered on Sunday prevents any possibility of recovery. G. L. Chap. 136 §5. Hindenlang v. Mahon, 225 Mass. 445.